FILED IN CHAMBERS
U.S.D.C. - Rome

AUG 0 5 2013

JAMES N. HATTEN, Clerk
                Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN STELMACHERS, individually
and on behalf of all similarly
situated individuals,

      Plaintiff,

  v.

MAXIM HEALTHCARE SERVICES,
INC., a Maryland corporation,

      Defendant.

CIVIL ACTION

NO. 1:13-CV-1062-RLV

O R D E R

This is an action for unpaid wages brought pursuant to the Fair Labor Standards Act ("FLSA") and filed as a collective action under 29 U.S.C. § 216(b). This matter is before the court on the plaintiff's motion for conditional class certification and court-authorized judicial notice [Doc. No. 20]. For the reasons set forth below, the plaintiff's motion is GRANTED, subject to the court's modifications to the plaintiff's proposed judicial notice.

I. Factual Background

This is an action arising under the FLSA against Maxim Healthcare Services, Inc. ("Maxim"). The named plaintiff filed this action on behalf of himself and other similarly situated employees seeking recoupment of overtime wages.

Maxim is a large privately-held healthcare staffing company. Maxim employs or staffs over 60,000 employees in a variety of

healthcare disciplines, which include in-home healthcare services from adults, seniors, and pediatric patients. Maxim employs thousands of recruiters to locate and retain the proper, qualified individuals for its in-home healthcare services. Maxim employs three different levels of recruiters: Recruiters; Senior Recruiters; and Professional Recruiters. The job duties of the various types of recruiters vary as they engage in different levels of responsibility, discretion, and sales or business development.

The named plaintiff was employed as a salaried healthcare recruiter in one of Maxim's offices. Maxim has offices nationwide. The plaintiff alleges that he and other similarly situated employees were denied overtime compensation after working over 40 hours a week throughout their employment performing no-exempt work. The class that the plaintiff seeks to represent and for whom the plaintiff requests the right to send "opt-in" notices for purposes of the collective action is defined as follows:

> All current and former salaried Recruiters (including Healthcare Recruiters, Homecare Recruiters, Staffing Recruiters, and Senior Recruiters) who were employed by Maxim Healthcare Services, Inc. at any time during the past three years.

The plaintiff also submitted a Proposed Notice to the Class, which the defendant opposes. Finally, the plaintiff also seeks an order requiring the defendant to identify all potential opt-in

plaintiffs by promptly responding to "Plaintiff's First Interrogatories to Defendant" within 14 days of the entry of the court's order.

## II. Legal Standard

Section 216(b) of the FLSA authorizes employees to bring collective action against employers accused of violating the FLSA as follows:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employees shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b).

The court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165. 169-170 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001).

The Eleventh Circuit applies a two-stage process to FLSA class certification. See Hipp, 252 F.3d at 1218. The first stage requires the court to determine whether other similarly situated employees should be notified, i.e., the conditional certification stage. See id. The burden on the plaintiff, however, is not a

3

heavy one. Because the court has minimal evidence during the conditional certification stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Hipp, 252 F.3d at 1218; Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). The second stage of the certification process is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery" and the matter is ready for trial. Id. At the second stage, the standard is less lenient on the plaintiff. The district court "has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Morgan, 551 F.3d at 1261.

Before granting conditional certification, the court should determine: (1) whether there are other employees who wish to "opt-in;" and (2) whether these employees are "similarly situated" with respect to both their job requirements and pay. Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562 (11th Cir. 1991). The plaintiff bears the burden of demonstrating a "reasonable basis" for their contention that collective action is appropriate. Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). The plaintiff may meet this burden by making substantial allegations of class-wide

4

discrimination, i.e., "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Id. (internal quotation marks omitted).

### III. Discussion

#### A. Motion for conditional certification

In support of the motion for conditional certification, the plaintiff submitted four declarations from current or former employees containing the following identical allegations, among other similar allegations: (1) recruiters were hired as entry-level employees; (2) recruiters would work approximately 50 hours a week; (3) recruiters assisted in the placement of nurses by screening potential candidates; (4) recruiters never received overtime pay despite working more than 40 hours per week every week; and (5) recruiters reported to an account manager and mostly did not have discretion, judgment, or ability to make decisions concerning hiring, firing, discipline, or assign duties.

The defendant opposes the plaintiff's conditional certification, asserting that the plaintiff has not established that the putative class members are similarly situated because the duties and pay vary by branch office and level of experience of each recruiter. Specifically, the defendant contends that there are different types of recruiters and the plaintiff's and the opt-

5

in plaintiffs' declarations all purport to be homecare recruiters, which, according to the defendant's declarations, carry different duties and levels of responsibility from other types of recruiters such as senior recruiters and professional recruiters. Furthermore, the defendant contends that the plaintiff and opt-in plaintiffs only worked as homecare recruiters in 1 subdivision of the Homecare Division (the Homecare Services subdivision). The court agrees with the plaintiff in part and with the defendant in part.

First, as an initial matter, the plaintiff has met the initial burden to show that other employees desire to opt-in. The plaintiff has produced declarations from several other recruiters seeking to opt-in.

Second, the plaintiffs have satisfied the minimal burden of showing they are similarly situated to the other potential opt-in plaintiffs. However, as the defendant points out, this showing by the plaintiff is limited to homecare recruiters from one subdivision. In their declarations, the plaintiffs attest that they were hired as recruiters, that their job duties as entry level recruiters in the homecare subdivision did not include discretion. However, as the defendant points out, the plaintiff does not make a showing that the broad class the plaintiff seeks would be

6

similarly situated to the plaintiff. Specifically, neither the plaintiff nor opt-in plaintiffs aver any knowledge regarding the job duties of the recruiters in the other subdivisions in Homecare Division, nor aver any knowledge regarding recruiters in the other divisions. In light of the declarations submitted by the defendant, which were more detailed and particularized compared to the plaintiff's generic declarations, the plaintiffs have not met their burden of demonstrating a "reasonable basis" for their contention that the nationwide collective action for all recruiter types is appropriate. See Grayson, 79 F.3d at 1097.

Having partially met their minimal burden, limited by the court's foregoing analysis, the court will grant conditional certification for Homecare Division recruiters nationwide as follows:[1]

> All current and former salaried Homecare Recruiters who were employed by Maxim Healthcare Services, Inc. at any time during the past three years.

---

[1] The decision to grant conditional certification and the sending of notice to similarly situated persons "does not prejudice the defendant[] precisely because it is preliminary and may be reversed if it later appears, after appropriate discovery, that the additional plaintiffs who opt to join the lawsuit, are not similarly situated." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 56 (S.D.N.Y. 2005).

7

The court will now turn to the form and substance of the plaintiff's proposed judicial notice to be sent out to the putative opt-in class members.

### B. Plaintiff's proposed judicial notice

The defendant makes several objections to the plaintiff's proposed judicial notice. First, the defendant objects to the first page of the notice, which does not include any statement limiting the court's appearance of endorsing the collective action. The court agrees with the defendant. The plaintiff should add the following language in bold font, consistent in size with the Notice font, on the first page of the notice immediately under the caption:

> The Court has not taken any position as to the merits of any claims or defenses asserted by any party to this action. Furthermore, receipt of this Notice does not mean that you have, or any other former or current Maxim Homecare Recruiter has a right to receive payment for overtime, and one possible outcome of this lawsuit is that the Court may decertify the Collection Action in the future.

Second, the defendant objects to the "one-sided" view of the lawsuit, which they assert creates an impression that the plaintiff is entitled to overtime. The court, however, disagrees with the defendant's characterization of the Notice. Under the "description of the lawsuit" section, the plaintiff has incorporated a

8

description of Maxim's position as well as made clear that opt-in plaintiffs "may" be entitled to overtime, but the case is ongoing and the court has not made any determinations as to the merits of the case. Thus the court will not order the plaintiff to make any changes as to this demand.

Third, the defendant objects to the "retaliation" section of the plaintiff's Notice. The court agrees with the defendant. The plaintiff shall replace his Notice section entitled "no retaliation permitted" with the defendant's language in their proposed Notice.

Therefore, the court approves the plaintiff's proposed judicial notice subject to the court's modifications noted above.

### C. Production of information relating to contact information of putative class

The plaintiff seeks the disclosure of the identity of the defendant's current and former employees that are or were homecare recruiters in order to provide these potential plaintiffs with notice of the collective action. The plaintiff is requesting that the defendant produce the information within 14 days of the entry of this court's order. The defendant argues that the plaintiff seeks information relating to potentially more than a thousand individuals, and, therefore, the defendant should be permitted more than 14 days to collect such information.

9

Even though the court limited the potential class of individuals whom potentially could opt-in, the court agrees with the defendant. The defendant shall have 21 days from the entry of this order.

### D. Plaintiff's additional requests regarding opt-in notice

The plaintiff requests that (1) the defendant provide the opt-in notice to each employee when they distribute one paycheck, and (2) the defendant post the notice in their offices and workplaces. The defendant contends that these steps are unnecessary, burdensome, and ineffective because it is duplicative, costly, and many of their employees use direct deposit. The court agrees with the defendant. The court will not impose these duplicative and burdensome requirements on the defendant.

The plaintiff is also requesting email addresses and telephone numbers of current and former recruiters in order to send out the opt-in notice. The defendant objects to the use of email addresses and telephone numbers for multiple reasons outlined in their brief on pages 8-10. The court agrees with the defendant. The defendant shall not be required to provide email addresses or telephone numbers of the potential class.

## IV. Conclusion

For the above reasons, the court GRANTS the plaintiff's motion for conditional certification to the extent limited by this court's order [Doc. No. 20]. To the extent that the plaintiff sought approval of the proposed judicial notice, the court approves the notice subject to the modifications the court has provided in this order. Additionally, within 21 days of the entry of this order, the defendant shall provide to the plaintiff's counsel necessary information on homecare recruiters so that opt-in notices may be sent out. The opt-in notice period will be 90 days.

SO ORDERED, this 5TH day of August, 2013.

_____
ROBERT L. VINING, JR.
Senior United States District Judge