UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN STELMACHERS, individually
and on behalf of all similarly
situated individuals,

    Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,
a Maryland Corporation,

    Defendant.

CIVIL ACTION

NO. 1:13-CV-1062-RLV

### O R D E R

This matter comes before the court on the defendant's motion for clarification of the court's order entered on August 6, 2013. In its motion, the defendant argues that this court's August 6, 2013 order was unclear with regard to the class conditionally certified. While the court finds that its August 6, 2013 order did not contain any ambiguity, the court issues this order to reiterate what this court did in its August 6, 2013 order.

The court in its August 6, 2013 order limited the class to "salaried Homecare Recruiters." This is not what the plaintiff Ryan Stelmachers originally requested in his motion for conditional class certification. However, this court limited the class as set forth in this court's August 6, 2013 order because plaintiff Ryan Stelmachers and the other opt-in plaintiffs were "salaried Homecare Recruiters." Therefore, this court purposefully and intentionally excluded Recruiters from Maxim's Staffing Division because no Recruiters from that Division are represented in this case. With that said, this court did not limit the collective action to

one subdivision of the Homecare Division because the declarations in the record did not state that the defendant's allegedly unlawful pay practices were limited to a single subdivision within the Homecare Division. To be clear, this court certified the following collective class in its August 6, 2013 order:

> The court will grant conditional certification for Homecare Division recruiters nationwide as follows:
>
> All current and former salaried Homecare Recruiters who were employed by Maxim Healthcare Services, Inc., at anytime during the past three years.

For the above reasons, the court DENIES the defendant's motion for clarification [Doc. No. 46]. Within 10 days of the docketing of this order, the parties are directed to inform the court whether all of the issues raised by the July 23, 2013 motion to strike the defendant's notice of objections were resolved by this court's August 6, 2013 order. Lastly, the defendant is directed to comply, if it has not already done so already, with the court's 21-day deadline contained in this court's August 6, 2013 order so that the court approved notice can be mailed to the class members without further delay.

SO ORDERED, this 29th day of August, 2013.

ROBERT L. VINING, JR
Senior United States District Judge