**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **RYAN STELMACHERS**, <br> individually and on behalf of <br> all similarly situated individuals, <br><br>        Plaintiff, <br><br> v. <br><br> **MAXIM HEALTHCARE SERVICES,** <br> **INC.**, a Maryland Corporation, <br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 1:13-cv-01062-<br>)   RLV<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

    (a) Describe briefly the nature of this action.

Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by knowingly misclassifying him and similarly-situated salaried Homecare Recruiters as exempt from overtime under the FLSA and by failing to pay them overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours during a workweek.

Defendant denies any liability in this matter and contends that it complied with all obligations under the FLSA, including its classification of Homecare Recruiters as exempt under the FLSA. This same issue previously has been decided in *Hudkins v. Maxim Healthcare Servs., Inc.*, 39 F. Supp. 2d 1349 (M.D. Fla. 1998), *aff'd sub nom. Hudkins v. Maxim Healthcare Servs.*, 176 F.3d 493 (11th Cir. 1999). Defendant further denies that Plaintiff is similarly situated to purported class members.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff worked for Defendant as a salaried Homecare Recruiter and was classified by Defendant as an exempt employee under the FLSA.  Throughout his employment as a Homecare Recruiter, Plaintiff did not receive time and a half premium pay for hours worked in excess of forty (40) in a workweek.  Plaintiff contends that he is similarly situated to other Homecare Recruiters with respect to his job duties, responsibilities, and pay provisions, which Defendant denies.

(c) The legal issues to be tried are as follows:

Whether Defendant intentionally misclassified Plaintiff and other Homecare Recruiters as exempt under the FLSA.  Should the Court grant Defendant's motion for decertification, there will be no issues for trial on a collective action basis.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  none

(2) Previously Adjudicated Related Cases:  While no prior cases were formally designated as related to this action, in November 2012, the U.S. District Court for the Southern District of Texas approved an FLSA Settlement in the consolidated *Ene v. Maxim Healthcare Services, Inc.* matter, Consolidated Case No. 4:09-CV-02453 (S.D. Tex.).  In addition, individual court-approved FLSA settlements were reached in *Richard Boncales v. Maxim Healthcare Services, Inc.,* Case No. 1:12-cv-345, and *Kyle Carlson and Nicholas Williams v. Maxim Healthcare Services, Inc.,* Case No. 8:12-CV-00267-SDM-TGW.  These cases are related because they included FLSA claims against Maxim regarding alleged misclassification of Homecare Recruiters.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

<u>  X     </u>     (1)     Unusually large number of parties
<u>  X*    </u>     (2)     Unusually large number of claims or defenses

| | | |
|---|---|---|
| X* | (3) | Factual issues are exceptionally complex |
| X | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| X | (11) | Unusually complex discovery of electronically stored information |

\* Defendant's view only

## 3.  Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**:
>           Jason J. Thompson, Esq.
>           Timothy J. Becker, Esq.
>           Jesse L. Young, Esq.

**Defendant**:
>           Robert J. Smith, Esq.
>           Joyce E. Taber, Esq.
>           David Gevertz, Esq.

## 4.  Jurisdiction:

Is there any question regarding this Court's jurisdiction?

_____ Yes       **X**    No

## 5.  Parties to This Action:

(a) The following persons are necessary parties who have not been joined:

Plaintiffs:  Any putative class members who fall within the Court's conditionally-certified class definition and who opt-in to this case by filing a consent with the Court prior to the conclusion of the 90-day notice's opt-in period.

Defendant:  none.

(b) The following persons are improperly joined as parties:  none at this time.

The Court should be aware that Defendant has identified approximately 668 individuals who participated in a court-approved settlement of the prior related FLSA cases (*see* above at 1(d)(2)). Plaintiff's counsel has reviewed the claim form from the prior settlement and, as a result, has agreed to not send notice to those individuals until they can confirm whether those individuals affirmatively opted into the prior case.  Plaintiff and Defendant anticipate resolving this issue and reporting to the Court by September 9, 2013, which is ten (10) days of this Court's Order docketed on August 30, 2013 (DKT #51).  Defendant has already complied with the Court's Order docketed on August 6, 2013 (DKT #45) and notice to class members (except those subject to the prior FLSA settlement) is scheduled for mailing on September 5, 2013.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  none.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6.     Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiffs request that they be allowed to amend the Complaint once as a matter of right within thirty (30) days after the close of the 90-day notice period. Whether an amendment is necessary at that time will depend on any additional information and evidence presented by the opt-in plaintiffs during the 90-day notice's opt-in period.

Defendant reserves the right to oppose Plaintiff's amended Complaint. At this time, Defendant does not anticipate amending any pleadings but requests that Defendant be allowed to amend its Answer once as a matter of right within thirty (30) days of Plaintiff filing any amended Complaint.

The parties reserve their rights to amend pleadings as appropriate throughout discovery.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.    Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

The parties jointly request that the time frame for filing any summary judgment motions and Defendant's motion for decertification be filed within <u>forty-five (45) days</u> after the close of discovery.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E,

respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties agree to exchange Initial Disclosures within fourteen (14) days of the entry of the Scheduling Order.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do <u>not</u> request a scheduling conference with the Court.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which

a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Subjects on which discovery may be needed include Plaintiff's claims and Defendant's defenses. Specifically, the parties will need discovery on each opt-in Plaintiffs' work experience with Defendant, including but not limited to hours worked, income derived, and job duties and responsibilities. The parties will need discovery on Defendant's company employment practices, including but not limited to company policies and procedures relevant to its Homecare Recruiters. Finally, the parties will need discovery on Defendant's compliance with the Fair Labor Standards Act with respect to Homecare Recruiters.

Plaintiffs propose that the discovery period close after a period of eight (8) months, to be calculated from the date the Court enters the Scheduling Order.

Defendant proposes that the discovery period close after a period of eight (8) months, to be calculated from the date the ability to opt-in as a plaintiff closes, i.e., the date the Court-ordered 90-day notice period closes.

Regardless of the discovery track selected by the Court, the parties agree that discovery regarding the named Plaintiff and any opt-ins to date will commence on the date the Court enters the Scheduling Order and will run concurrently with the 90-day notice period.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties anticipate that, depending on the size of the opt-in class, additional time for discovery may be required. The parties will seek leave of the Court if additional time is necessary.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

At this time, the parties do not propose changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court. Defendant reserves the right to take discovery from each opt-in Plaintiff. The parties agreed to meet and confer following the 90-day notice period on whether any steps can be taken to promote efficiency in the action, such as taking depositions via video conference or in person at agreed upon regional locations.

(b) Is any party seeking discovery of electronically stored information?

_____X_____ Yes        _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties met and conferred on ESI issues and agreed to produce materials via electronic production, with searchable PDF format where feasible and an accompanying load file for the Concordance document review program. The scope and nature of electronic production will depend on the parties' discovery requests. The parties are currently working on an ESI discovery protocol agreement that will govern the accessibility, search terms, date limitations, etc. for production of ESI in this case.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties are currently working on an ESI discovery protocol agreement that will

govern the format for production of ESI in this case.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Within fourteen (14) days of the entry of a Scheduling Order, the parties will submit a proposed protective order.

As noted above, Plaintiffs desire that the Court enter a Scheduling Order that provides Plaintiffs with thirty (30) days after the close of the notice period to amend the Complaint as a matter of right, and Defendant requests that Defendant be allowed to amend its Answer once as a matter of right within thirty (30) days of Plaintiff filing any amended Complaint.

As noted above, the parties desire that the Court enter a Scheduling Order that provides the parties with forty-five (45) days (instead of thirty (30) days) after the close of discovery to file motions for summary judgment.

As noted above, the parties desire that the Court enter a Scheduling Order that provides that Defendant will have until forty-five (45) days after the close of discovery to file a motion for decertification.

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 20, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  /s/ Jesse Young, Esq.

Jesse Young, Esq.

|  |  |
|---|---|
| Other participants | None |

|  |  |
|---|---|
| For defendant: Lead counsel (signature): | /s/ Joyce E. Taber, Esq. |
|  | Joyce E. Taber, Esq. |
| Other participants | Amanda C. Dupree, Esq. |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(___X___) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel (_____) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case.

The parties are willing to consider any good faith, reasonable settlement offers and are generally amenable to discuss settlement of this action.  However, at this stage of the litigation it is still too early to determine whether settlement is feasible and the parties agreed to discuss the issue again at the end of the 90-day notice period.

## 14.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X____) do not consent to having this case tried before a magistrate judge of this Court.


/s/ Jesse Young, Esq.                    /s/ Joyce E. Taber, Esq.

Counsel for Plaintiff                    Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Discovery shall run for eight (8) months in this matter, to be calculated from the date [this Court enters the Scheduling Order (Plaintiff's position)] OR [of the close of the Court-ordered notice period (Defendant's position)].

Plaintiffs may file one amended Complaint as a matter of right on or before thirty (30) days after the close of the 90-day notice period. Defendant may amend its Answer within thirty (30) days of Plaintiff filing any amended Complaint.

The parties shall file any motions for summary judgment on or before forty-five (45) days after the close of discovery.

The Defendant shall file any motion for decertification on or before forty-five (45) days after the close of discovery.


IT IS SO ORDERED, this _____ day of _____, 20_____.

_____

UNITED STATES DISTRICT JUDGE

Dated: Sept. 3, 2013      Respectfully Submitted,

By: /s/David Gevertz
David Gevertz, Esq., GA Bar No. 292430

BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
Monarch Plaza
Suite 1600
3414 Peachtree Road N.E.
Atlanta, GA 30326
Tel. 404-221-6512
Fax 678-406-8816
dgevertz@bakerdonelson.com

*Local Counsel for Defendant*
*Maxim Healthcare Services, Inc.*

Robert J. Smith, Esq., *pro hac vice*
Joyce E. Taber, Esq., *pro hac vice*
Katherine L. Hoekman, Esq., *pro hac vice*
Amanda C. Dupree, Esq., *pro hac vice*
Kaiser H. Chowdhry, Esq., *pro hac vice*

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel. 202.739.3000
Fax 202.739.3001
rsmith@morganlewis.com
jtaber@morganlewis.com
khoekman@morganlewis.com
adupree@morganlewis.com
kchowdhry@morganlewis.com

*Trial Counsel for Defendant*
*Maxim Healthcare Services, Inc.*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

/s/David Gevertz
David Gevertz, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

V. Severin Roberts
Amanda A. Farahany
**BARRETT & FARAHANY, LLP**
1100 Peachtree Street, NE
Suite 500
Atlanta, GA 30309

Local Counsel for Plaintiffs

Jason J. Thompson
Lance C. Young
Jesse L. Young
**SOMMERS SCHWARTZ, P.C.**
2000 Town Center, Suite 900
Southfield, Michigan 48075

Timothy J. Becker
Jacob R. Rusch
**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402

Trial Counsel for Plaintiff

/s/David Gevertz
David Gevertz, Esq.